FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 14 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Entral Group International, LLC,

    Plaintiff

- against -

YHCL Vision Corp and Jeff Chen,

    Defendants

Sam Chan and Ray Yim, Third Party Witnesses
----------------------------------------------------------------X

CV-05-1912 (ERK) (RLM)

**MEMORANDUM & ORDER**

KORMAN, Chief Judge.

Sam Chan and Ray Yim, who are not parties to this case, were subpoenaed to testify at depositions. They object to United States Magistrate Judge Mann's denial of Mr. Chan's objection to the disclosure of his Social Security number (SSN) and to Mr. Yim's request to redact his SSN from his deposition transcript. Plaintiff claims that it needs the SSNs "in order to facilitate identification of these individual in the future . . . [and] assist with the service of . . . judicial process." Letter dated 6/2/06, from Lara A. Holzman. Messrs. Chan and Yim have responded (without contradiction) that plaintiff knows their home addresses and that they "own businesses in the city of New York, and have lived in the metropolitan New York area for decades." Letter dated 6/5/06, from David J. Hoffman. Indeed, plaintiff apparently encountered little difficulty in serving each of them with a subpoena to appear at the depositions.

Judge Mann concluded that "the information sought is relevant and non-privileged" and declined to grant Chan and Yim the relief they sought. Memo. and Order, June 5, 2006, at 3. There

1

is good reason to question whether the plaintiff has even established the relevancy of the SSNs. Nevertheless, the low threshold normally applicable to justify discovery is insufficient to address the invasion of privacy which disclosure of the SSNs threatens. While a handful of cases addressing this issue have allowed for the discovery of SSNs, those cases either ignore the significant privacy interests at stake or underestimate the potential burden of such disclosure. See Goodman v. City of New York, 2004 WL 1661105, at *2 (S.D.N.Y. July 23, 2004); Pearson v. Heavey, 1997 WL 159656, at *1- 2 (S.D.N.Y. April 3, 1997); Magedson v. Fina, 1993 WL 35261, at *4 (N.D.N.Y. Feb.10, 1993).

There is, however, persuasive authority reflecting the need for something more than a perfunctory analysis that would make the disclosure of SSNs a routine part of pretrial discovery. Of particular significance here is Greidinger v. Davis, 988 F.2d 1344, 1352-54 (4th Cir. 1993), in which the Court of Appeals for the Fourth Circuit struck down a Virginia statute requiring any person registering to vote to provide his or her SSN. Because the SSNs were available for public inspection, the Fourth Circuit found that the disclosure requirement substantially burdened the right to vote without a sufficiently compelling justification. Id. In so doing, it concluded that public access to SSNs carried with it a strong potential for abuse, particularly because SSNs are capable of "unlocking the door to another's financial records, investment portfolios, school records, financial aid records, and medical records." Id. at 1354 n.9.

Reflecting this concern, Congress enacted the Privacy Act of 1974 which prohibits, with limited exceptions, government agencies from denying an individual any benefit "because of such individual's refusal to disclose his social security account number." P.L. 93-579 § 7(a)(1), 5 U.S.C. § 552a Note. "At the time of its enactment, Congress recognized the dangers of widespread use of

2

SSNs as universal identifiers. In its report supporting the adoption of this provision, the Senate Committee stated that the widespread use of SSNs as universal identifiers in the public and private sectors is 'one of the most serious manifestations of privacy concerns in the Nation.'" Greidinger, 988 F.2d at 1353 (quoting S.Rep. No. 1183, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943). Indeed, "[s]ince the passage of the Privacy Act, an individual's concern over his SSN's confidentiality and misuse has become significantly more compelling." Id.

While the Privacy Act may not preclude the disclosure in the instant case, the policy considerations underlying it should inform the exercise of the broad discretion a district court has in limiting the abuse of discovery as well as in imposing sanctions for a party's failure to comply. See Johnson v. Bryco Arms, 224 F.R.D. 536 (E.D.N.Y. 2004) (Weinstein, J.) (holding that privacy concerns required redacting SSNs to only include final four digits in discovery of gun purchaser data); Report of the Proceedings of the Judicial Conference, at 49 (Sept/Oct 2001), available at http://www.uscourts.gov/judconf/sept01proc.pdf (recommending that documents available electronically must have personal data identifiers, including SSNs, redacted). The "attorneys' eyes" only protective order suggested by the plaintiff here is not sufficient to address the privacy concerns at issue. Only a substantial showing of particularized need accompanied by restrictions specifically narrowing the use of the information to the articulated need will suffice to justify disclosure. Because the plaintiff's justification for the need for disclosure of the SSNs is farfetched, if not absurd, the motions of Chan and Yim are granted.

SO ORDERED.

Brooklyn, New York
June 7, 2006

s/Edward R. Korman
Edward R. Korman, United States District Judge

3